IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY A. FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3195 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's requests for disability insurance benefits and supplemental security income ("SSI") benefits. After careful review of the briefs, the record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

## BACKGROUND

On January 30, 2004, plaintiff Gary A. Fitzgerald ("Fitzgerald") filed an application for disability and SSI benefits, alleging that he suffered from a disability beginning on July 3, 2003. Specifically, Fitzgerald alleged that he suffered from suicide attempts, bipolar disorder and back problems. Fitzgerald's applications were denied initially and upon reconsideration. Dissatisfied, Fitzgerald sought and was granted a hearing before an Administrative Law Judge ("ALJ").

On January 12, 2006, the ALJ issued a written opinion. The ALJ found that Fitzgerald suffered from an affective mood disorder and discogenic and degenerative disorders of the back but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart B, App. I, Reg. 4.  The ALJ found that Fitzgerald was able to perform his past work as a production supervisor. Consequently, the ALJ found Fitzgerald was not disabled. Subsequently, Fitzgerald sought review by the Social Security Administrations's Appeals Council.  On June 16, 2006, the Appeals Council denied Fitzgerald's request for review.  Fitzgerald brings this cause of action, challenging the ALJ's decision.

**STANDARD OF REVIEW**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as a well as evidence that supports it."  *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001).  If the record reveals substantial evidence supporting the Commissioner's

decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a different outcome." *Id.* In other words, "[a]n administrative decision is not subject to reversal simply because some evidence may support the opposite outcome." *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001)(citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1993)).

Conversely, evidence is not substantial if it is overwhelmed by other evidence, particularly certain types of evidence such as that offered by treating physicians. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987). "Although the Commissioner need not find a specific job for a claimant, there must be a showing that the claimant can realistically perform in existing employment." *Rivera v. Massanari*, 176 F. Supp.2d 892, 898 (S.D. Iowa 2001)(quoting *Rhines v. Harris*, 634 F.2d 1076, 1079 (8th Cir. 1980).

## DISCUSSION

Fitzgerald alleges four separate errors by the ALJ as the basis for his appeal. Specifically, Fitzgerald alleges that: (1) the ALJ failed to accept as controlling the limitations and restrictions placed upon Fitzgerald by his treating physician, Tamara R. Johnson, M.D. ("Dr. Johnson"); (2) even if Dr. Johnson's opinions were not entitled to controlling weight, they were deserving of the greatest weight; (3) the ALJ's erred in

failing to incorporate all of Fitzgerald's documented limitations and conditions into the hypothetical question posed to the vocational expert ("VE"); and (4) the ALJ improperly applied the *Polaski v. Heckler* factors when determining the credibility of Fitzgerald's subjective allegations of his physical condition as to his limitations, restrictions and work activity.

**1. Proper Weight to Accord to Dr. Johnson's Opinions**

The regulations provide that a treating physician's opinion is granted controlling weight if it is "[1] well-supported by medically acceptable clinical and laboratory diagnostic techniques and [2] not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2)(emphasis added). The Eighth Circuit follows this two-part rule. *See, e.g., Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000)("[The opinion of the treating physician] should be granted controlling weight if it is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in the record.").

Here, Dr. Johnson is Fitzgerald's treating physician. Contrary to Fitzgerald's assertions, the ALJ did consider Dr. Johnson's opinions as well as Dr. Johnson's contemporaneous notes concerning Fitzgerald. It is not that Dr. Johnson's opinions were not considered; instead, they were considered but were

discounted because the ALJ found that the opinions were contradicted by other evidence.  For example, the ALJ noted that "despite opinions in the record from Dr. Johnson, discouraging the claimant from working, it should be noted that these opinions were mostly voiced in the presence of active substance addiction by the claimant.  Furthermore, the record shows the claimant seeking employment on several occasions, thus holding himself out as being able to work and Dr. Johnson failed to declare or discourage the claimant from pursuing such."  (Record Transcript ("Tr.") 21).  The ALJ also found that Dr. Johnson contradicted herself in the record where she reported that Fitzgerald should only pursue employment "involving under a full week" while the record reflects that Fitzgerald worked 50 hours per week at Ehlers and Dr. Johnson failed to report this to be a problem for Fitzgerald (Tr. 21-22).  Furthermore, at the time of the hearing, Fitzgerald testified that he was currently working 34 hours per week and was scheduled to work 40 hours per week for the month of June, 2005 (Tr. 454).  Thus, there is ample evidence in the record that contradicts Dr. Johnson's opinions.  The ALJ did not clearly err in discounting the opinions of Dr. Johnson, Fitzgerald's treating physician.

**2. Failure to Incorporate All Documented Limitations in Hypothetical**

Fitzgerald next asserts that the ALJ erred in failing to incorporate all of Fitzgerald's documented limitations in the hypothetical proposed to the VE. Specifically, Fitzgerald asserts that the ALJ had determined that his affective mood disorder was severe because it imposed more than a slight limitation upon his ability to function.

While it is true that the ALJ stated in the findings section that Fitzgerald's affective mood disorder imposed a "more than slight" limitation on his ability to function, a careful review of the hearing transcript, the body of the ALJ's decision and the entire ALJ record suggests that the functional limitations imposed by Fitzgerald's affective mood disorder was "none to slight." (Tr. 15-24, 493-95). There is substantial evidence in the administrative record to support the ALJ's determination that Fitzgerald's affective mood disorder imposed no or slight functional limitations. The hypothetical incorporated all documented limitations to the extent that these limitations were supported by the record as a whole.

**3. Credibility Determination of Fitzgerald**

Fitzgerald asserts that the ALJ improperly applied the *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), factors when determining the credibility of Fitzgerald's subjective allegations of his physical condition as to his limitations,

-6-

restrictions and work activity.  Specifically, Fitzgerald asserts that, under *Polaski*, the ALJ should have considered Fitzgerald's daily activities, the duration, frequency and intensity of his pain, the dosage, effectiveness and side effects of his medication, other precipitating and aggravating factors and any functional restrictions or inconsistencies that exist.

The ALJ found that "the claimant's testimony, insofar as it pertained to the inability to perform virtually any type of work activity on a sustained basis, was not totally credible." (Tr. 22).  Further, the ALJ opined that "[a]lthough the claimant does have medically determinable impairments, there is nothing in file to show these conditions are so severe as to preclude the claimant from **all** fulltime activity."  (Tr. 21)(emphasis in original).  Specifically, the ALJ pointed to Fitzgerald's own testimony that, at the time of the hearing, he was working more than 30 hours per week without any problems in a job that "was going very well."  (Tr. 454, 462, 472).  Further, while he had experienced an anxiety attack three weeks ago, he was able to "talk himself through it."  (Tr. 477-79).

At the time of the hearing, Fitzgerald was only seeing Dr. Johnson once every two months for medication checks.  While Fitzgerald had previously been seeing a mental health counselor, Fitzgerald elected to stop seeing the counselor of his own

-7-

volition, skipping scheduled follow up appointment because "I was doing O.K." (Tr. 492).

The ALJ's analysis is consistent with *Polaski* and other Eighth Circuit law relating to credibility determinations in social security cases. The ALJ's credibility determination was properly supported by substantial evidence in the record.

## CONCLUSION

Because the decision is supported by substantial evidence, this Court will affirm the decision. The complaint will be dismissed. A separate order will be issued in accordance with this memorandum opinion.

DATED this 18th day of June, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court